## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| MADISYN STAUFFER, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC<br>and PATHFINDER SOFTWARE, LLC,<br>d/b/a CENTEREDGE SOFTWARE,<br><br>        Pathfinder. | Case No.: 3:20-CV-01332 |

## PATHFINDER SOFTWARE, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
## FIRST AMENDED CLASS ACTION COMPLAINT

Pathfinder, PATHFINDER SOFTWARE, LLC d/b/a CENTEREDGE SOFTWARE, ("Pathfinder"), submits the following Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint.

## INTRODUCTION

1.     Plaintiff brings this action individually and on behalf of a Class of similarly situated individuals who were employed by Innovative Heights and worked at its Sky Zone facility ("the Innovative Heights Class") located at 10850 Lincoln Trail, Fairview Heights, IL 62208 ("Sky Zone Fairview Heights"), and gave their fingerprints to Innovative Heights at the commencement of their employment and scanned their fingerprints for timekeeping and other purposes as specified below, in violation of the Illinois Biometric Information Privacy Act ("IBIPA"), 740 ILCS 14/1, *et seq.*

**ANSWER: Pathfinder admits that Plaintiff purports to bring this action as a class action. Pathfinder lacks knowledge or information necessary to form a belief of the truth of the remaining allegations in paragraph 1 to admit or deny them.**

2.      Plaintiff also brings this action individually and on behalf of a separate Class of similarly situated individuals who had their fingerprints collected, captured, purchased, received through trade, or obtained by CenterEdge in violation of BIPA (the "CenterEdge Class").

**ANSWER: Pathfinder admits that Plaintiff purports to bring this action as a class action as stated but denies any violation of BIPA.**

3.      Sky Zone Fairview Heights is owned by Innovative Heights. Innovative Heights was the employer of Plaintiff and members of the Innovative Heights Class during all times that they worked at Sky Zone Fairview Heights.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 3 to admit or deny them.**

4.      Sky Zone Fairview Heights is a recreational facility that markets, advertises, and offers certain attractions and programs to the public, including attractions it describes as Freestyle Jump, SkySlam, Ultimate Dodgeball, SkyHoops, SkyJoust, SkyLadder, Warped Wall, FreeClimb, Foam Zone, Ninja Warrior Course, Laser Tag, and Drop Zone.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 4 to admit or deny them.**

5.      Sky Zone Fairview Heights holds itself out as a place where members of the public can hold parties and events in. Fairview Heights, Illinois.

**ANSWER:  Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 5 to admit or deny them.**

6.     At or near the beginning of their employment, at least until the filing of this lawsuit,
Plaintiff and other employees at Innovative Heights' Sky Zone Fairview Heights facility scanned
their private biometric identifiers in the form of their fingerprints into Innovative Heights' system
and thereafter "clocked in" or "clocked out" of a shift throughout their employment by scanning
their fingerprints into the system. Employees also scanned their fingerprints into Innovative
Heights' system at certain times in connection with their use of the cash registry, in the event it
had "timed-out."

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth
of the allegations in paragraph 6 to admit or deny them.**

7.     Innovative Heights failed to comply with the requirements set forth in IBIPA
before collecting, capturing, and otherwise obtaining such fingerprints.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the
truth of the allegations in paragraph 7 to admit or deny them.**

8.     Innovative Heights' failure to comply with IBIPA means that its employees do
not receive the important protections set forth in the statute, which is designed to allow
employees and individuals to make informed decisions in connection with a private entity's
collection, use, and retention of their private biometric identifiers, and to ensure that biometric
identifiers are not obtained or used without the consent of the individual.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the
truth of the allegations in paragraph 8 to admit or deny them.**

9.     By collecting, capturing, or otherwise obtaining Plaintiff's and Innovative
Heights Class Members' fingerprints without making publicly available a proper policy; by
not informing Plaintiff and Innovative Heights Class Members in writing that their fingerprints

were being collected and the purpose therefore or the length of time that they were being held; and by not receiving a written release from Plaintiff and Innovative Heights Class Members, Innovative Heights has violated IBIPA, specifically 740 ILCS 14/15(a) and (b)(1)-(3).

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 9 to admit or deny them.**

10.     Based on Innovative Heights' violations of IBIPA, Plaintiff and Innovative Heights Class Members seek to recover statutory and other damages and relief allowed under IBIPA.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 10 to admit or deny them.**

11.     Initial discovery in this lawsuit has revealed that Innovative Heights is not the only entity that has collected, captured, purchased, received through trade, or obtained Plaintiff's fingerprints.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 11 to admit or deny them.**

12.     Rather, CenterEdge has also collected, captured, purchased, received through trade, or obtained Plaintiff's fingerprints in connection with an agreement that it entered into with Innovative Heights.

**ANSWER: The allegations in paragraph 12 call for legal conclusions and do not require a response from Pathfinder. To the extent Paragraph 12 suggests that Pathfinder violated BIPA as a result of an agreement that it entered into with Innovative Heights, Pathfinder denies those allegations.**

13.     As part of the agreement between Innovative Heights and CenterEdge, CenterEdge provides Innovative Heights with a fingerprint tracking system. It also controls and/or runs the system and/or database in which Innovative Heights' employees' fingerprints are stored and/or receives the fingerprints contained therein. Based on its control of the system and/or database in which the fingerprints are stored and receipt of the fingerprints contained therein, CenterEdge has therefore collected, captured, received through trade, or obtained Plaintiff's fingerprints, without complying with the requirements set forth in IBIPA.

**ANSWER: The allegations in paragraph 13 call for legal conclusions and do not require a response from Pathfinder. To the extent Paragraph 13 suggests that Pathfinder violated BIPA as a result of an agreement that it entered into with Innovative Heights, Pathfinder denies those allegations.**

14.     Furthermore, upon information and belief, under similar agreements that CenterEdge has with other companies in Illinois, under which CenterEdge controls and/or runs the systems and/or databases in which the fingerprints of such companies' employees are stored, CenterEdge collects, captures, receives through trade, or obtains the fingerprints of such employees without complying with the requirements set forth in IBIPA.

**ANSWER: The allegations in paragraph 14 call for legal conclusions and do not require a response from Pathfinder. To the extent Paragraph 14 suggests that Pathfinder violated BIPA as a result of an agreement that it entered into with unnamed entities, Pathfinder denies those allegations.**

15.By collecting, capturing, or otherwise obtaining Plaintiffs and the CenterEdge Class Members' fingerprints without making publicly available a proper written policy; by not informing Plaintiff and CenterEdge Class Members in writing that their fingerprints were being collected and

the purpose therefore or the length of time that they were being held; and by not receiving a written release from Plaintiff and CenterEdge Class Members, CenterEdge has violated IBIPA, specifically 740 ILCS 14/15(a) and (b)(1)-(3).

**ANSWER: Pathfinder denies the allegations in paragraph 15.**

16. As a result of CenterEdge's violations of IBIPA, Plaintiff and CenterEdge Class Members seek to recover statutory and other damages and relief allowed under IBIPA.

**ANSWER: Pathfinder denies the allegations in paragraph 16.**

## PARTIES

17. Plaintiff Madisyn Stauffer is a resident of Madison County, Illinois. She was employed by Innovative Heights and worked at the Sky Zone Fairview Heights facility from January of 2018 through May of 2018.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 17 to admit or deny them.**

18. Plaintiff had her fingerprints collected, captured, and otherwise obtained by Innovative Heights at the beginning of her employment with Innovative Heights, and on each occasion that she "clocked in" or "clocked out" throughout her employment. She also had her fingerprints collected, captured, and otherwise obtained by Innovative Heights during certain times that she used the cash registry. Based on CenterEdge's control of the system and/or database in which her fingerprints were stored and/or receipt of the fingerprints contained therein, CenterEdge also collected, captured, received through trade, and otherwise obtained her fingerprints.

**ANSWER: Pathfinder denies the allegations in paragraph 18.**

19. Pathfinder Innovative Heights is an Illinois Limited Liability Company, with its principal office located at 10850 Lincoln Trail, #12A, Fairview Heights, Illinois 62208. Its

registered agent in Illinois is Bron Launsby, 10850 Lincoln Trail, #12A, Fairview Heights, Illinois 62208.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 19 to admit or deny them.**

20. Innovative Heights conducts business in St. Clair County, Illinois, and transactions and conduct giving rise to the claims set forth in this Amended Complaint occurred in St. Clair County, Illinois. Specifically, the location of Sky Zone Fairview Heights where Plaintiff and Innovative Heights Class Members worked is in St. Clair County, Illinois.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 20 to admit or deny them.**

21. Defendant CenterEdge is a North Carolina Limited Liability Company, with its principal office located at 5050 Durham Rd., Roxboro, NC 27574. Its registered agent in North Carolina is Robert E. Levin, 3511 Shannon Rd., Ste 140, Durham, NC 27707.

**ANSWER: Pathfinder admits the allegations in paragraph 21.**

22. CenterEdge conducts business in St. Clair County, Illinois, and transactions and conduct giving rise to the claims set forth in this Amended Complaint occurred in St. Clair County, Illinois. Specifically, the location of Sky Zone Fairview Heights, with whom CenterEdge did business at its facility, is in St. Clair County, Illinois.

**ANSWER: Paragraph 22 calls for a legal conclusion that does not require a response. To the extent a response is required, Pathfinder denies the allegations in paragraph 22.**

23. On its website, CenterEdge describes itself as a "leader in the entertainment software industry," states that in that capacity it "operate[s] as a processor of personal information for our customers, including via the Advantage Access Control App ('the app') and further states: "As a third-

party processor, CenterEdge will not collect personal information directly from consumers via the app. Any information collected via the app will be considered as if collected by our customer, and provided to us as a third party processor."

**ANSWER: Pathfinder denies that the Advantage Access Control software is in use at the Sky Zone Fairview Heights facility, but admits the remaining allegations in paragraph 23.**

## JURISDICTION AND VENUE

24. This is a class action filed pursuant to 735 ILCS 5/2-801.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder admits that Plaintiff has brought this action as a class action. Pathfinder denies that this action is properly brought as a class action.**

25. This Court has jurisdiction over this action pursuant to 735 ILCS 5/2-209(a)(1) and 735 ILCS 5/2-209(b)(4).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies the allegations in paragraph 25.**

26.    This Court has personal jurisdiction over Innovative Heights because it regularly conducts business in Illinois and this action relates to its business conducted in Illinois.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 26 to admit or deny them.**

27.    This Court has personal jurisdiction over CenterEdge because it regularly conducts business in Illinois and this action relates to its business conducted in Illinois.

**ANSWER: Pathfinder denies that St. Clair County has jurisdiction over this matter.**

28.    Venue is proper in this Court pursuant to 735 ILCS 5/2-101 and 735 ILCS 5/2102 because Innovative Heights and CenterEdge are doing business in St. Clair County and because the transactions or conduct at issue or some part thereof occurred in St. Clair County.

**ANSWER: Pathfinder denies that St. Clair County is the proper venue.**

<u>**JURY DEMAND**</u>

29.    For each Count in this Complaint, Plaintiff demands a jury trial to the extent it is allowed by law.

**ANSWER: Pathfinder admits Plaintiff has requested a jury trial.**

<u>**THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**</u>

30.    The State of Illinois passed IBIPA in 2008 to serve the public welfare, based on concerns, both known and unknown, associated with the growing collection and use of biometrics by companies and other entities. 740 ILCS 14/5.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder.  To the extent a response is required, Pathfinder states that the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Pathfinder denies the allegations in this paragraph.  Except as expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA**

31.    The Illinois General Assembly found that while the use of biometrics has been growing, "[Niometrics are unlike other unique identifiers that are used to access finances or other sensitive information" in that unlike social security numbers or other identifiers that can be changed

when compromised, biometrics are "biologically unique to the individual; therefore, once
compromised, the individual has no recourse..." 740 ILCS 14/5(a)-(c).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a
response from Pathfinder. To the extent a response is required, Pathfinder states that the BIPA
speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or
incomplete, Pathfinder denies the allegations in this paragraph. Except as expressly stated,
Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA.**

32.    Furthermore, the Illinois General Assembly stated that "[Ole full ramifications of
biometric technology are not fully known," and that "[t]he public welfare, security, and safety will be
served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of
biometric identifiers and information." 740 ILCS 14/5(f)-(g).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not
require a response from Pathfinder. To the extent a response is required, Pathfinder states
that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is
inaccurate or incomplete, Pathfinder denies the allegations in this paragraph. Except as
expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that
it violated the BIPA.**

33. Under IBIPA, a "biometric identifier" includes an individual's fingerprints, and the term
"biometric information" "means any information, regardless of how it is captured, converted,
stored, or shared, based on an individual's biometric identifier used to identify an individual." 740
ILCS 14/10.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require
a response from Pathfinder. To the extent a response is required, Pathfinder states that**

the BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Pathfinder denies the allegations in this paragraph.  Except as expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA.

34. BIPA provides that a private entity (which includes LLCs such as Innovative Heights and CenterEdge) that is in possession of biometric identifiers or biometric information "must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first..." 740 ILCS 14/15(a).

**ANSWER:  The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder.  To the extent a response is required, Pathfinder states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Pathfinder denies the allegations in this paragraph.  Except as expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA.**

35. IBIPA also provides that a private entity may not "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information" unless it first informs that person in writing that such an identifier or information is being collected or stored; informs that person in writing of the "specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used"; and receives a written release executed by the person who is the subject of the biometric identifier or information. 740 ILCS/14/15(b)(1)-(3).

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Pathfinder denies the allegations in this paragraph. Except as expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA.**

36. The statute defines "written release" as "informed written consent or, in the context of employment, a release executed by an employee as a condition of employment." 740 ILCS 14/10. As shown by this definition, IBIPA applies to employers and protects employees working in Illinois.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder states that the BIPA speaks for itself. To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Pathfinder denies the allegations in this paragraph. Except as expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA.**

37. Thus, while IBIPA does not prohibit an Illinois employer or other entity from using biometric identifiers of employees or other individuals for timekeeping or other purposes, it does require that an employer or entity who wishes to do so must first comply with the safeguards set forth in the statute and obtain the employees' or other individuals' informed consent.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder states that the**

BIPA speaks for itself.  To the extent that Plaintiff's characterization of the BIPA is inaccurate or incomplete, Pathfinder denies the allegations in this paragraph.  Except as expressly stated, Pathfinder denies the allegations in this paragraph. Pathfinder denies that it violated the BIPA.

## FACTUAL ALLEGATIONS REGARDING PATHFINDERS' LIABILITY

### Plaintiff's Experience

38.Plaintiff began her employment with Innovative Heights in January of 2018 and worked for Innovative Heights as a Cashier, Event Host, and Event Planner at its Sky Zone Fairview Heights facility. She continued to work for Innovative Heights at its Sky Zone Fairview Heights facility until May of 2018.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 38 to admit or deny them.**

39.    When Plaintiff began her employment with Innovative Heights, her fingerprints were taken by Innovative Heights.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 39 to admit or deny them.**

40. Plaintiffs fingerprints were then used in lieu of a more traditional time clock, in that she scanned her fingerprints into Innovative Heights's system each time she "clocked in" or "clocked out" of work throughout her employment.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 40 to admit or deny them.**

41. Plaintiff also scanned her fingerprints at additional times throughout her employment in connection with her use of the cash register. Specifically, if she had not recently been helping

a customer and the cash register had timed out and needed to be "woken up," she had to do so by scanning her fingerprints.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 41 to admit or deny them.**

42. Plaintiff or her legally authorized representative was never informed by Innovative Heights or CenterEdge in writing of the specific purpose and the period for which her fingerprints were being collected, stored or used.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 42 to admit or deny them.**

**<u>Innovative Heights' Actions Violated IBIPA</u>**

43. Innovative Heights collected, captured, obtained, and possessed Plaintiff's and Innovative Heights Class Members' fingerprints at the beginning of their employment with Innovative Heights and each time thereafter when Plaintiff and Innovative Heights Class Members scanned their fingerprints to "clock in" or "clock out" or to awaken the cash register, yet Innovative Heights did not make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting such fingerprints has been satisfied. Its failure to publish such a policy means that when Plaintiff and Innovative Heights Class Members left or leave the employment of Innovative Heights, they were or are left unaware if and when their biometric identifiers would be destroyed. Furthermore, if Innovative Heights were to be sold or go out of business, Plaintiff and Innovative Heights Class Members would be left unaware as to who is in possession of their highly confidential and private biometric identifiers.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 43 to admit or deny them but denies that it violated the BIPA.**

44. Innovative Heights also failed to notify Plaintiff and Innovative Heights Class Members in writing that their fingerprints were being collected, stored, and used, even though their fingerprints were collected and stored by Innovative Heights when they began their employment. Furthermore, Plaintiff and Innovative Heights Class Members scanned their fingerprints many times during every day that they reported to work at Innovative Heights' Sky Zone Fairview Heights facility.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 44 to admit or deny them but denies that it violated the BIPA.**

45. Innovative Heights also collected or captured Plaintiffs and Innovative Heights Class Members' fingerprints without first informing them in writing of the purpose for which their fingerprints were being collected, stored, or used, or for how long their fingerprints were being collected, stored, or used.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 45 to admit or deny them but denies that it violated the BIPA.**

46. Innovative Heights also failed to obtain a written release from Plaintiff and Innovative Heights Class Members before collecting their fingerprints.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 46 to admit or deny them but denies that it violated the BIPA.**

47. Innovative Heights' actions have prevented Plaintiff and Innovative Heights Class Members from giving their informed consent and having access to important and legally required information regarding how their sensitive biometric identifiers are stored and kept.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 47 to admit or deny them but denies that it violated the BIPA.**

**CenterEdge's Actions Violated IBIPA**

48. As initial discovery in this case establishes, CenterEdge not only provides companies (including Innovative Heights) with fingerprint tracking technology for the companies' employees to use, but also runs and/or controls the systems and/or databases in which such employees' fingerprints are stored and/or receives the fingerprints contained therein.

**ANSWER: Pathfinder denies the allegations in paragraph 54, that it owed any such duty to any person,  that BIPA applies in this case,  that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

49. According to Innovative Heights' discovery responses in this case and CenterEdge's representations on its website, CenterEdge collected, captured, received through trade, and/or obtained Plaintiff's and CenterEdge Class Members' fingerprints each time that Plaintiff and CenterEdge Class Members scanned their fingerprints in connection with their employment.

**ANSWER: Pathfinder denies the allegations in paragraph 49, that it owed any such duty to any person, that BIPA applies in this case, that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

50.CenterEdge did not make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying any such fingerprints when the initial purpose for collecting such fingerprints has been satisfied.

**ANSWER: Pathfinder denies the allegations in paragraph 50, that it owed any such duty to any person,  that BIPA applies in this case,  that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

51.    CenterEdge further failed to notify Plaintiff and CenterEdge Class Members in writing that their fingerprints were being collected, stored, and used, even though it was collecting and storing their fingerprints.

**ANSWER: Pathfinder denies the allegations in paragraph 51, that it owed any such duty to any person,  that BIPA applies in this case, that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

52. CenterEdge also collected, captured, received through trade, and obtained Plaintiff's and CenterEdge Class Members' fingerprints without first informing them in writing the purpose for which their fingerprints were being collected, stored, or used, or for how long their fingerprints were being collected, stored, or used.

**ANSWER: Pathfinder denies the allegations in paragraph 52, that it owed any such duty to any person,  that BIPA applies in this case, that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

53.         CenterEdge also failed to obtain a written release from Plaintiff and CenterEdge Class Members before collecting, capturing, receiving through trade, and obtaining their fingerprints.

**ANSWER: Pathfinder denies the allegations in paragraph 53, that it owed any such duty to any person,  that BIPA applies in this case,  that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

54.         CenterEdge's actions have prevented Plaintiff and CenterEdge Class Members from giving their informed consent and having access to important information regarding how their sensitive biometric identifiers are stored and kept.

**ANSWER: Pathfinder denies the allegations in paragraph 54, that it owed any such duty to any person,  that BIPA applies in this case,  that it collected, stored or used "fingerprints" and denies any breach of BIPA whatsoever.**

## CLASS ACTION ALLEGATIONS

55.         Plaintiff brings this action on behalf of a class of similarly situated employees of Innovative Heights who worked at its Sky Zone Fairview Heights facility and whose biometric identifiers and/or biometric information was improperly obtained by Innovative Heights.

**ANSWER: Pathfinder admits that Plaintiff purports to bring the claims set forth in her First Amended Complaint as a class action on behalf of the proposed putative class described in this paragraph, but denies that this action may be maintained as a class action. Pathfinder denies liability to Plaintiff or any member of the purported class. Except as expressly admitted, Pathfinder denies the allegations in this paragraph.**

56.         Plaintiff also brings this action on behalf of a class of similarly situated

individuals whose biometric identifiers and/or biometric information was improperly obtained by CenterEdge.

**ANSWER: Pathfinder admits that Plaintiff purports to bring the claims set forth in her First Amended Complaint as a class action on behalf of the proposed putative class described in this paragraph, but denies that this action may be maintained as a class action. Pathfinder denies liability to Plaintiff or any member of the purported class. Except as expressly admitted, Pathfinder denies the allegations in this paragraph.**

57.        Specifically, pursuant to 735 ILCS 5/2-801, Plaintiff seeks certification of the following Classes, defined as follows:

**"Innovative Heights Class"**

All Illinois citizens from whom Innovative Heights collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length thereof. Excluded from the Innovative Heights Class is any person who has or had a controlling interest in Innovative Heights.

**"CenterEdge Class"**

All Illinois citizens from whom CenterEdge collected, captured, received, or otherwise obtained biometric identifiers or biometric information, including fingerprints, during the applicable statutory period prior to: (1) receiving a written release; and/or (2) providing written information that their biometric identifier or biometric information was being collected or stored and the purpose and length

thereof. Excluded from the CenterEdge Class is any person who has or had a controlling interest in CenterEdge.

Plaintiff may modify these class definitions based on discovery yet to be taken.

**ANSWER: Pathfinder admits that Plaintiff purports to bring the claims set forth in her First Amended Complaint as a class action on behalf of the proposed putative class described in this paragraph, but denies that this action may be maintained as a class action, including for the reasons set forth in Pathfinder's pending Motion to Strike. Further, Pathfinder denies liability to Plaintiff or any member of the purported class. Except as expressly admitted, Pathfinder denies the allegations in this paragraph.**

58.     Numerosity. The exact size of the Classes are currently unknown to Plaintiff, but on information and belief the total number of members in the Classes is, at a minimum, in the hundreds, and the Classes are so numerous that joinder of all Class Members would be impracticable.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.**

59.     Commonality. There is a well-defined community of interest in the questions of law and fact affecting the members of the Classes, and questions of law and fact common to the Classes predominate over any questions affecting only individual members. Among the numerous questions of law or fact common to the Innovative Heights Class are the following:

       a.     Whether Innovative Heights developed and made available to the public a policy in compliance with 740 ILCS 14/15(a), before it obtained Plaintiff's and Innovative Heights Class Members' biometric identifiers;

b.  Whether Innovative Heights collected, captured, received through trade, or otherwise obtained Plaintiff's and Innovative Heights Class Members' biometric identifiers or biometric information;

c.  Whether Innovative Heights informed Plaintiff and Innovative Heights Class Members in writing that it was collecting their biometric identifier or biometric information;

d.  Whether Innovative Heights informed Plaintiff and Innovative Heights Class Members in writing of the specific purpose and length of term for which it was collecting their biometric identifier or biometric information;

e.  Whether Innovative Heights received written releases from Plaintiff and Innovative Heights Class Members before capturing, collecting, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information;

f   Whether Innovative Heights used Plaintiff's and Innovative Heights Class Members' biometric identifiers or biometric information to identify them; and

g.  Whether any violations of IBIPA by Innovative Heights were negligent, or rather were reckless or intentional.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.**

60.    Among the numerous questions of law or fact common to the CenterEdge Class are the following:

a.  Whether CenterEdge developed and made available to the public a policy in compliance with 740 ILCS 14/15(a), before it obtained Plaintiffs and CenterEdge Class Members' biometric identifiers;

b.  Whether CenterEdge collected, captured, received through trade, or otherwise obtained Plaintiffs and CenterEdge Class Members' biometric identifiers or biometric information;

c.  Whether CenterEdge informed Plaintiff and CenterEdge Class Members in writing that it was collecting their biometric identifier or biometric information;

    d.   Whether CenterEdge informed Plaintiff and CenterEdge Class Members in writing of the specific purpose and length of term for which it was collecting their biometric identifier or biometric information;

    e.   Whether CenterEdge received written releases from Plaintiff and CenterEdge Class Members before capturing, collecting, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information; and

    f.   Whether any violations of IBIPA by CenterEdge were negligent, or rather were reckless or intentional.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.**

61.    Typicality. The claims of Plaintiff are typical of the claims of the members of the Classes. Plaintiff and all members of the CenterEdge Class have had their rights under IBIPA violated based on CenterEdge's failure to comply with the provisions of IBIPA, and Plaintiff and all members of the Innovative Heights Class have had their rights under IBIPA further violated based on Innovative Heights' failure to comply with the provisions of IBIPA.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.**

62.    Adequacy of Representation. Plaintiff is an adequate representative of the Classes and has no conflict of interest with other members of the Classes. Plaintiff's attorneys are experienced in this type of litigation and will prosecute the action vigorously on behalf of the Classes.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.**

63.    Superiority. A class action is an appropriate method to adjudicate this controversy and is superior to any other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Furthermore, the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent and varying adjudications concerning the subject of this action. A class action would conserve the resources of the courts and litigants and further efficient adjudication of the claims of the members of the Classes.

**ANSWER: The allegations in this paragraph call for legal conclusions and do not require a response from Pathfinder. To the extent a response is required, Pathfinder denies that this action may be maintained as a class action, denies liability to Plaintiff or any member of the purported class, and denies the allegations in this paragraph.**

### COUNT I: INNOVATIVE HEIGHTS' VIOLATION OF 740 ILLS 14/1, *et set*▶. (Plaintiff and the Innovative Heights Class)

64. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Amended Complaint as though fully set forth herein.

**ANSWER: Pathfinder incorporates its responses to paragraphs 1 through 63 of the First Amended Complaint as if set forth fully herein.**

65. By obtaining and possessing Plaintiff's and Innovative Heights Class Members' fingerprints without developing a written policy made available to the public that established a retention schedule and guidelines for the destruction of Plaintiff's and Innovative Heights Class

Members' biometric identifiers or biometric information, Innovative Heights violated IBIPA. 740 ILCS 14/15(a).

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 65 to admit or deny them but denies that it violated the BIPA.**

66. Innovative Heights also violated Plaintiff's and Innovative Heights Class Members' rights under IBIPA by collecting, capturing, or otherwise obtaining their fingerprints, and not first:

    a.    informing Plaintiff and Innovative Heights Class Members in writing that their fingerprints were being collected or stored;

b.    informing Plaintiff and Innovative Heights Class Members in writing of the specific purpose and length of term for which their fingerprints were being collected, stored, and used;

c.    receiving a written release executed by Plaintiff and Innovative Heights Class Members.
740 ILCS 14/15(b)(1)-(3).

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 66 to admit or deny them but denies that it violated the BIPA.**

67.    Because Plaintiff's and Innovative Heights Class Members' biometric identifiers (in the form of their fingerprints) were used to identify them, they constitute "biometric information." 740 ILCS 14/10.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 67 to admit or deny them but denies that it violated the BIPA.**

68.     Plaintiff's and Innovative Heights Class Members' rights under IBIPA were violated by Innovative Height's failure to comply with IBIPA as set forth above, and in so violating IBIPA, Innovative Heights acted negligently, recklessly and/or intentionally.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 68 to admit or deny them but denies that it violated the BIPA.**

69.     Plaintiff and Innovative Heights Class Members are "aggrieved" under IBIPA based on Innovative Heights' violation of their rights under IBIPA, and accordingly are entitled to seek damages and relief provided for under the statute. See Rosenbach v. Six Flags Entm't Corp., 2019 IL 123186, ¶ 40.

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 69 to admit or deny them but denies that it violated the BIPA.**

70. Plaintiff and Innovative Heights Class Members are therefore entitled to damages available under IBIPA, including liquidated damages of $1,000 for each and every negligent violation, or alternatively, $5,000 for each and every intentional or reckless violation, or actual damages, whichever is greater, injunctive relief, and further damages and relief as set forth in the PRAYER FOR RELIEF below. 740 ILCS 14/20(1)-(4).

**ANSWER: Pathfinder lacks knowledge or information necessary to form a belief of the truth of the allegations in paragraph 70 to admit or deny them but denies that it violated the BIPA.**

### COUNT II: CENTEREDGE'S VIOLATION OF 740 ILCS 14/1, *et seq.* (Plaintiff and the Center Edge Class)

71. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Amended Complaint as though fully set forth herein.

**ANSWER: Pathfinder incorporates its responses to paragraphs 1 through 63 of the First Amended Complaint as if set forth fully herein.**

72.     By collecting, capturing, receiving through trade, and obtaining Plaintiff's and CenterEdge Class Members' fingerprints without developing a written policy made available to the public that established a retention schedule and guidelines for the destruction of Plaintiffs and CenterEdge Class Members' biometric identifiers or biometric information, CenterEdge violated IBIPA. 740 ILCS 14/15(a).

**ANSWER: Pathfinder denies the allegations in paragraph 72.**

73.     CenterEdge also violated Plaintiffs and CenterEdge Class Members' rights under IBIPA by collecting, capturing, receiving through trade, or otherwise obtaining their fingerprints, and not first:

a.     informing Plaintiff and CenterEdge Class Members in writing that their fingerprints were being collected or stored;

b.     informing Plaintiff and CenterEdge Class Members in writing of the specific purpose and length of term for which their fingerprints were being collected, stored, and used;

c.     receiving a written release executed by Plaintiff and CenterEdge Class Members.

740 ILCS 14/15(b)(1)-(3).

**ANSWER: Pathfinder denies the allegations in paragraph 73.**

74.     Because Plaintiff's and CenterEdge Class Members' biometric identifiers (in the form of their fingerprints) were used to identify them, they constitute "biometric information." 740 ILCS 14/10.

**ANSWER: Pathfinder denies the allegations in paragraph 74.**

75.    Plaintiffs and CenterEdge Class Members' rights under IBIPA were violated by CenterEdge's failure to comply with IBIPA as set forth above, and in so violating IBIPA, CenterEdge acted negligently, recklessly and/or intentionally.

**ANSWER: Pathfinder denies the allegations in paragraph 75.**

76.    Plaintiff and CenterEdge Class Members are "aggrieved" under IBIPA based on CenterEdge's violation of their rights under IBIPA, and accordingly are entitled to seek damages and relief provided for under the statute. *See Rosenbach v. Six Flags Entm't Corp.,* 2019 IL 123186, ¶ 40.

**ANSWER: Pathfinder denies the allegations in paragraph 76.**

77.    Plaintiff and CenterEdge Class Members are therefore entitled to damages available under IBIPA, including liquidated damages of $1,000 for each and every negligent violation, or alternatively, $5,000 for each and every intentional or reckless violation, or actual damages, whichever is greater, injunctive relief, and further damages and relief as set forth in the PRAYER FOR RELIEF below. 740 ILCS 14/20(1)44

**ANSWER: Pathfinder denies the allegations in paragraph 77.**

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of herself and the Classes, pray for judgment against Innovative Heights and CenterEdge as follows:

A.    Certifying the Innovative Heights Class and CenterEdge Class as requested herein;

B.    Entering an order appointing Law Office of Richard S. Cornfeld, LLC and Goldenberg Heller & Antognoli, P.C. as lead counsel for the Classes;

C.      Awarding statutory damages of $1,000 for each and every negligent violation of IBIPA, or alternatively, statutory damages of $5,000 for each and every violation if the Court finds that Innovative Heights' and/or CenterEdge's violations were intentional or reckless;

D.      Awarding actual damages to Plaintiff and the members of the Classes if greater than liquidated damages, as provided for under IBIPA;

E.      Declaring that Innovative Heights' and CenterEdge's actions, as set forth above, violate IBIPA;

F.      Awarding injunctive or other equitable relief as required to protect the interests of Plaintiff and Members of the Classes, including an order requiring Innovative Heights and CenterEdge to collect, store, use, and destroy biometric identifiers and biornetric information in a manner that complies with the requirements set forth in IBIPA;

G.      Awarding pre-judgment and post-judgment interest;

H.      Awarding reasonable attorneys' fees and costs herein;

I.      Awarding such other and further relief as the court deems fit and proper.

**ANSWER: Pathfinder denies that Plaintiff is entitled to the relief sought in this "Wherefore" paragraph, including all subparts, and denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

Pathfinder PATHFINDER SOFTWARE, LLC d/b/a CENTEREDGE SOFTWARE, asserts the following affirmative defenses.  Pathfinder reserves the right to amend its Answer to include any additional affirmative and/or other defenses which may be determined through further fact investigation or discovery in this matter.

### First Affirmative Defense
### (Good Faith and Substantial Compliance)

1.      The First Amended Complaint ("Complaint") is barred, in whole or in part, because Pathfinder's substantial compliance with the requirements of the BIPA excuses any alleged procedural or technical violations of the BIPA.

2.      To the extent that the BIPA applies to Pathfinder's software or devices, the claims are barred in whole or in part based on Pathfinder's good faith and reasonable interpretation of the BIPA and substantial compliance therewith.

3.      Pathfinder utilized its software and devices for legitimate business purposes.

4.      No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Pathfinder's own confidential or other sensitive information.

5.      To the extent the BIPA applies to Pathfinder's software or devices, the BIPA requirements are satisfied by disclosures regarding Pathfinder's software or devices that persons employed by or working for Pathfinder's customers received at or around the time of their hire.

### Second Affirmative Defense
### (Due Process / Unconstitutional)

6.      The Complaint is barred, in whole or in part, by the Due Process Clause of the United States Constitution and/or the Constitution of the State of Illinois.

7.      Plaintiff alleges that she and the putative class members she seeks to represent are entitled to recover $1,000 or $5,000 in statutory liquidated damages for each alleged violation of the BIPA.

8.      Assuming Plaintiff's allegations are true, such allegations amount only to a bare procedural or technical violation of the BIPA.

9.      Plaintiff and/or members of the putative class have not suffered any actual injury or other harm as a result of any violation of the BIPA.

10.     No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been compromised by a data breach, identity theft, or other unauthorized disclosure.

11.     Nor have any such "biometric identifiers" or "biometric information" been misappropriated, misused, subject to an improper sale, lease, trade, or profit.

12.     No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Pathfinder's own confidential or other sensitive information.

13.     Harm that is speculative and/or hypothetical is not a cognizable injury or otherwise actionable under the BIPA, and does not render Plaintiff or any putative class member "aggrieved" by the alleged violation of the BIPA.

14.     The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's and/or putative class members' claims and allegations, are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiff and/or members of the putative class.

15.     The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's and/or putative class members' claims and allegations, would result

in a windfall to Plaintiff and/or putative class members because the BIPA's liquidated
damages per-violation on a class-wide basis would be entirely disproportionate to a
technical violation of the statute.

16.    The BIPA is unconstitutional because the statutory damage potentially
available are grossly excessive and disproportionate in light of any actual harm to Plaintiff
and the putative class.

17.    Any award of statutory liquidated damages to the Plaintiff or putative class
members would violate Pathfinder's due process rights.

### Third Affirmative Defense
### (Unenforceable Liquidated Damages)

18.    The Complaint is barred, in whole or in part, because the BIPA's liquidated
statutory damages provision is not enforceable.

19.    Plaintiff alleges that she and the putative class members she seeks to
represent are entitled to recover $1,000 or $5,000 in statutory liquidated damages for each
alleged negligent violation of the BIPA.

20.    Plaintiff and/or members of the putative class do not even seek to recover
actual damages.

21.    Assuming *arguendo* that Plaintiff's allegations are true, such allegations
amount only to a bare procedural or technical violation of the BIPA.

22.    No "biometric identifiers" or "biometric information" of Plaintiff or any
putative class member has been compromised by a data breach, identity theft, or other
unauthorized disclosure.

23.    Nor have any such "biometric identifiers" or "biometric information" been
misappropriated, misused, subject to an improper sale, lease, trade, or profit.

24.    No "biometric identifiers" or "biometric information" of Plaintiff or any putative class member has been stored, transmitted or protected in a manner deemed to be unreasonable within the relevant industry or subject to safeguards that are less protective than the manner used to protect Pathfinder's own confidential or other sensitive information.

25.    Harm that is speculative and/or hypothetical is not a cognizable injury or otherwise actionable under the BIPA, and does not render Plaintiff or any putative class member "aggrieved" by the alleged violation of the BIPA.

26.    The statutory liquidated damages potentially available under the BIPA, as applied to Plaintiff's claims and allegations, do not reasonably estimate Plaintiff's and/or putative class members' actual damages, which are zero.

27.    Accordingly, any such recovery would not be a reasonable estimate of actual damages, but instead would be more akin to punitive damages for strict liability— given that Plaintiff and the putative class members have not suffered any injury nor incurred any harm to warrant such relief.

28.    Therefore, Plaintiff and/or members of the putative class should not be permitted to recover statutory liquidated damages where no actual damages have been suffered or alleged.

### Fourth Affirmative Defense
### (Waiver/Authorization/Consent/Ratification/Acquiescence)

29.    The Complaint is barred, in whole or in part, because of Plaintiff's and any putative class members' authorization, consent to, ratification of, and/or acquiescence to Pathfinder's software and use of Pathfinder's software.

30.     Plaintiff and the putative class members actually or constructively consented and agreed, either expressly or impliedly, to the non-invasive use of Pathfinder's software and devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Pathfinder's software and devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

**Fifth Affirmative Defense**
**(Estoppel)**

31.     The Complaint is barred, in whole or in part, by the doctrine of estoppel.

32.     Plaintiff and the putative class members actually or constructively consented and agreed, either expressly or impliedly, to the non-invasive use of Pathfinder's software and devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Pathfinder's software and devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

**Sixth Affirmative Defense**
**(Laches)**

33.     The Complaint is barred, in whole or in part, by the doctrine of laches to the extent Plaintiff and the putative class members unreasonably delayed before asserting their purported rights under BIPA and, thereby, cause undue prejudice to Pathfinder.

34.     Pathfinder's customers implemented Pathfinder's software for a substantial period of time prior to and during any putative class member's employment.

35.     Plaintiff and each putative Class member knew of Pathfinder's software and devices and even participated in using Pathfinder's software for years.

36.    Neither Plaintiff nor any potential class member ever expressed a concern about Pathfinder's software, nor did they request to use the alternative method of clocking in/clocking out that existed.

37.    Yet, Plaintiff did not file this lawsuit until April 29, 2019. No other putative class member ever filed suit.

### Seventh Affirmative Defense
### (Unclean Hands)

38.    The Complaint is barred, in whole or in part, by the doctrine of unclean hands, due to Plaintiff's and/or putative class members' own acts and/or omissions with respect to the subject matter of the Complaint.

39.    Plaintiff and each putative class member approved and participated in the complained-of conduct by using, and agreeing to use, Pathfinder's time tracking systems, practices, and devices.

### Eighth Affirmative Defense
### (Contributory/Comparative Fault)

40.    Pathfinder places in issue the negligence, faults, and responsibilities of all persons and entities, including Plaintiff and/or members of the putative class (the existence of which is expressly denied), Plaintiff's employer, the putative class members' employers, and the timeclock technology vendors or software license providers, that have contributed in any degree to the injuries and damages alleged to have been sustained by Plaintiff and/or members of the putative class.

41.    Assuming that 100% represents the total combined negligence or fault, the negligence or fault of parties other than Pathfinder is more than 50% of the total proximate cause of the alleged damages and, therefore, there is no liability on the part of Pathfinder.

4833-9124-6804.1

42.     In the alternative, judgment against Pathfinder, if any, should be diminished to an amount that represents Pathfinder's degree of negligence, fault, or responsibility, if any.

43.     If Plaintiff is found to be entitled to recover any alleged damages, Pathfinder's share thereof must be apportioned or reduced to the extent that such damages are attributable to persons or entities other than Pathfinder.

44.     Additionally, if Pathfinder's fault is determined to be less than 25% of the total fault attributable to Plaintiff, Pathfinder, and any other third parties, Pathfinder should only be severally liable.

**Ninth Affirmative Defense**
**(Failure to Mitigate Damages)**

45.     The Complaint is barred, in whole or in part, by Plaintiff's and/or putative class members' (the existence of which is expressly denied) failure to mitigate their alleged damages.

46.     Plaintiff and the putative class members voluntarily used Pathfinder's software and devices, without threat, coercion or compulsion, as part of the time tracking systems and procedures at their place of work, and continued to voluntarily use Pathfinder's software and devices with knowledge of their operation and without making any inquiry concerning the collection, use, or retention of personal information.

47.     Strict compliance with the BIPA (including the publication of a written policy with retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, as well as obtaining advance written consent for the collection, storage, and use of such data and/or disclosing the purpose and length of term for same) would not have stopped Plaintiff or any putative class member from voluntarily using Pathfinder's software and devices and, therefore, would not have prevented the collection, storage, and use of any data, or mitigate against risk associated with the prospect of a data breach, identity theft, or other unauthorized disclosure.

48.     Plaintiff failed to complain to Pathfinder about the alleged software and devices. Had she raised such concerns, Pathfinder would have provided Plaintiff the ability to use a different process for clocking in/clocking out.

**Tenth Affirmative Defense**
**(Statute of Limitations)**

49.     The Complaint may be barred, in whole or in part, by any applicable statutes of limitations, including, but not limited to, the one-year statute of limitations for publication of matter violating a right of privacy or the two-year statute of limitations for actions involving, among other things, personal injury. *See* 735 ILCS 5/13-201; 735 ILCS 5/13-202.

50.     Innovative Heights implemented its time tracking system at issue in May 2017.

51.     Plaintiff did not file this lawsuit until April 29, 2019.

**Eleventh Affirmative Defense**
**(Preemption)**

52.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred or preempted by the Workers' Compensation Act, 820 ILCS 305/1 *et seq*.

### Twelfth Affirmative Defense
### (Claim or Issue Preclusion)

53.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred under the doctrines of issue or claim preclusion.

### Thirteenth Affirmative Defense
### (Release or Accord and Satisfaction)

54.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) is barred under the doctrines of release and/or accord and satisfaction.

### Fourteenth Affirmative Defense
### (Extraterritorial Application)

55.     The Complaint is barred, in whole or in part, to the extent that any claim of Plaintiff or any putative class member (the existence of which is expressly denied) requires extraterritorial application of the BIPA.

### Fifteenth Affirmative Defense
### (Unconstitutional Special Litigation)[1]

56.     The Complaint is barred, in whole or in part, because BIPA is impermissible special legislation and, thus, constitutionally defective.

---

[1] This is affirmative defense is brought to preserve Pathfinder's rights for appeal purposes.

57.    The Illinois Constitution states that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination. Ill. Const. Art. IV, § 13.

58.    This clause "specifically limits the lawmaking power of the General Assembly." *Best*, 179 Ill. 2d 367, 391 (1997). In short, "the purpose of the special legislation clause is to prevent arbitrary legislative classifications that discriminate in favor of a select group without a sound, reasonable basis." *Id.* The analysis conducted in evaluating a special legislation challenge is essentially the same as an equal protection challenge. *See id.* The two concepts are flip sides of the same coin. *See Cty. of Bureau v. Thompson*, 139 Ill. 2d 323, 337 (1990).

59.    BIPA explicitly exempts at least two broad sectors of employers from complying with its requirements: (1) the financial sector (735 ILCS 14/25(c)) and (2) state and local government contractors (735 ILCS 14/25(e)). BIPA imposes strict compliance requirements on many employers, but also relieves two seemingly arbitrary sectors of employers from compliance with no rational reason for doing so.

60.    Accordingly, BIPA violates the Illinois Constitution and the Complaint is barred.

WHEREFORE, PATHFINDER SOFTWARE, LLC d/b/a CENTEREDGE SOFTWARE, LLC prays for dismissal of the First Amended Complaint, with prejudice, at Plaintiff's cost, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH**

By: */s/ Kendall Canfield*_____
One of the attorneys for PATHFINDER SOFTWARE, LLC d/b/a CENTEREDGE SOFTWARE

Kendall Canfield, #6309733
Kendall.Canfield@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
103 W. Vandalia Street, Suite 300
Edwardsville, IL  62025
P: (618) 307-7290
F: (618) 692-6099

Josh M. Kantrow, #6231027 (*Pro Hac Vice* Anticipated)
Josh.Kantrow@lewisbrisbois.com
Thomas M. Wolf, #6314294 (*Pro Hac Vice* Anticipated)
Thomas.Wolf@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: 312.345.1718
F: 312.345.1778
*Attorneys for Pathfinder Software, LLC*
doing business as CenterEdge Software, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of December, 2020 a copy of the foregoing has been electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

By:        */s/ Kendall Canfield*_____
One of the Pathfinder's Attorneys

4833-9124-6804.1