IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADISYN STAUFFER ON BEHALF OF ) <br> HERSELF AND ALL OTHERS ) <br> SIMILARLY SITUATED, ) <br> ) <br>        Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INNOVATIVE HEIGHTS FAIRVIEW ) <br> HEIGHTS, LLC AND PATHFINDER ) <br> SOFTWARE LLC, ) <br> ) <br>        Defendants. ) | Case No. 3:20-CV-00046-MAB <br><br> Case No. 3:20-CV-01332-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Defendant Pathfinder's motion to strike, which the Court also discussed with the parties during the May 27, 2021 status conference (Doc. 74). For the reasons discussed during the status conference and set forth below, the motions to strike filed in this case (Doc. 51), and the parties' related case (3:20-cv-01332, Doc. 11), are denied.

## BACKGROUND

Plaintiff originally filed her complaint in the Twentieth Judicial Circuit, St. Clair County, Illinois on April 29, 2019 alleging that Defendant Innovative Heights, LLC ("Innovative Heights") collected and stored her biometric identifiers, specifically her fingerprints, in violation of the Illinois Biometric Privacy Act 740 ILCS 14/1, *et seq.* ("BIPA") (Doc. 1-1, p. 2, 91). Plaintiff amended her state court complaint on November

27, 2019 to include Pathfinder Software, LLC, d/b/a CenterEdge Software ("Pathfinder") as a second Defendant in addition to Defendant Innovative Heights (Doc. 1, p. 2). In amending her complaint, Plaintiff alleged she represents two classes: one consisting of individuals whose biometric information and identifiers were collected or otherwise obtained by Defendant Innovative Heights (the "Innovative Heights class") and one consisting of individuals whose biometric information and identifiers were collected or otherwise obtained by Defendant Pathfinder (the "CenterEdge class") (Doc. 1-1, pp. 85, 93-94). Plaintiff alleged that Defendant Pathfinder controls and operates the system and database in which Defendant Innovative Heights' employees' fingerprints were stored and like Defendant Innovative Heights, Defendant Pathfinder never informed her of the specific purpose of and the period for which her fingerprints were being stored, collected, and/or used (*Id.* at pp. 98-99).

On January 10, 2020, Defendant Pathfinder removed this case to the Southern District of Illinois pursuant to the Class Action Fairness Act ("CAFA"). Soon after, Defendant Pathfinder filed a motion to dismiss and then Plaintiff filed a motion to remand (Docs. 21, 27). In the Court's August 19, 2020 Order, the Court denied Defendant Pathfinder's motion to dismiss, while granting (in part) Plaintiff's motion to remand, ordering that Plaintiff's Section 15(a) BIPA claims be remanded to state court (Doc. 43; *See* 740 ILCS 14/15(a)).

On September 17, 2020, Defendant Pathfinder filed a motion to strike Plaintiff's class allegations related to Defendant Pathfinder (Doc. 51). Plaintiff filed a response on

October 15, 2020 (Doc. 56), with Defendant Pathfinder filing its reply brief on October 29, 2020 (Doc. 59).

In December 2020, Defendant Pathfinder removed Plaintiff's Section 15(a) claims once again to this Court (*See* 3:20-cv-01332, Doc. 8). Soon after, Defendant Pathfinder filed a motion to strike Plaintiff's class allegations in this second case as well, in which Defendant Pathfinder adopts and incorporates the first motion to strike filed in the parties' first case (3:20-cv-00046) without advancing additional arguments (*See* 3:20-cv-01332, Doc. 11). As this second motion relies on the content of the motion to strike filed in 3:20-cv-00046, this Order applies to both cases and pending motions (3:20-cv-01332, Doc. 11; 3:20-cv-00046, Doc. 51).

## DISCUSSION

In the motion to strike, Defendant Pathfinder argues that Plaintiff's allegations in her complaint regarding the class of individuals who had their fingerprints collected, captured, purchased, received through trade, or obtained by Defendant Pathfinder, in violation of BIPA, fail because Plaintiff has not alleged sufficient connection with the other CenterEdge class members (Doc. 51). Defendant Pathfinder argues that this lack of connection means that Plaintiff's class allegations fail pursuant to Fed. R. Civ. P. 23(c)(1)(A) ("[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action") and 23(d)(1)(D) ("[i]n conducting an action under this rule, the court may issue orders that…require that the pleadings be amended to eliminate allegations about representation of absent person and that the action proceed accordingly") (Doc. 51, p. 5).

Plaintiff opposes the motion for a variety of reasons, including that motions to strike brought pursuant to Rule 23, as opposed to 12(f), are routinely denied by courts as premature. When courts consider these sorts of class allegation challenges pursuant to Rule 23, Plaintiff highlights that class allegations should not be stricken based on the pleadings unless they are "facially defective and definitively establish that a class action cannot be maintained." *Murdock-Alexander v. Tempsnow Employment,* 2016 WL 6833961, at *4 (N.D.Ill. Nov. 21, 2016) (quoting *Wright v. Family Dollar, Inc.,* 2010 WL 4962838, *1 (N.D.Ill. Nov. 30, 2020)). Ultimately, Plaintiff argues that the parties' current dispute as to whether she can maintain allegations related to the CenterEdge class as a whole is factual at its heart, and discovery is needed to determine whether her class allegations for the CenterEdge class can move forward (*Id.*).

Generally speaking, a motion to strike is properly brought under Rule 12(f). *First Impressions Salon, Inc. v. Nat'l Milk Producers Federation,* 214 F.Supp.3d 723, 726 (S.D.Ill. Oct. 5, 2016); *See also* FED. R. CIV. P. 12(f). In *Nat'l Milk Producers Federation*, this Court characterized a motion to strike under Rule 23(d)(1)(D) as "jumping the gun" because the requirements of Rule 23 must be decided in the context of a motion for class certification. *Id.* at 726. Some courts, however, do evaluate motions to strike class allegations under Rule 23 rather than Rule 12(f). *Buonomo v. Optimum Outcomes, Inc.,* 301 F.R.D. 292, 295 (N.D. Ill. 2014). Ultimately though, the analysis focuses on whether the plaintiff's class allegations are facially defective or inherently deficient. *Id.* "If, on the other hand, the dispute concerning class certification is factual in nature and 'discovery is needed to determine whether a class should be certified,' a motion to strike the class allegations at

the pleading stage is premature. *Id*. (quoting *Wright v. Family Dollar, Inc.*, 2010 WL 4962838, *1 (N.D.Ill. Nov. 30, 2020)); *see also Boatwright v. Walgreen Co.*, 2011 WL 843898, at *2 (N.D.Ill. Mar. 4, 2011) ("Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, ... a decision denying class status by striking class allegations at the pleading stage is inappropriate."); *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir.2003) (the court must undertake a "rigorous analysis" in order to determine whether Rule 23's prerequisites have or have not been satisfied).

In this case, Pathfinder's motion to strike takes aim at *all* of the Rule 23(a) factors. In other words, Pathfinder argues that Plaintiff is not an adequate class representative and cannot meet the numerosity, commonality, or typicality requirement (Doc. 51). Really though, the motion to strike reads like a response in opposition to class certification. As the Court outlined on the record, a review of the motion to strike and the response confirms that there are factual disputes between the parties as to the Rule 23(a) factors, which ultimately must be fleshed out in the discovery process. Simply put, at this procedural stage (and in this procedural motion), the Court is not equipped with the information it needs in order to conduct the rigorous analysis of whether the Rule 23 requirements are satisfied. *See Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 790 (N.D. Ill. 2020) ("The questions raised by Kronos are precisely the sort of fact-intensive issues that generally do not justify striking class allegations at the pleading stage."). Accordingly, for these reasons, and the reasons outlined on the record on May 27, 2021, the motion to strike is denied

## CONCLUSION

Defendant Pathfinder's motion to strike the CenterEdge class is denied (Doc. 51). Additionally, the motion filed in the related case (3:20-cv-01332) adopting and incorporating the motion to strike filed in 3:20-cv-00046 is similarly denied.

**IT IS SO ORDERED.**

**DATED: June 3, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
