# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MADISYN STAUFFER, on behalf of herself an all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVATIVE HEIGHTS FAIRVIEW HEIGHTS, LLC, AND PATHFINDER SOFTWARE, LLC D/B/A PATHFINDER SOFTWARE, LLC,<br><br>Defendants. | Case No. 3:20-CV-01332-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Plaintiff Madisyn Stauffer's motion to remand (Doc. 29). For the reasons set forth below, the motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed her complaint in the Twentieth Judicial Circuit, St. Clair County, Illinois on April 29, 2019 alleging that Defendant Innovative Heights, LLC ("Innovative Heights") collected and stored her biometric identifiers (*e.g.*, fingerprints) in violation of the Illinois Biometric Privacy Act 740 ILCS 14/1, *et seq.* ("BIPA") and, specifically, in violation of Section 15(a) and 15(b) of BIPA (*See* 3:20-cv-00046-MAB, Doc. 1-1, pp. 2, 91). To regulate the use of these biometric identifiers, BIPA provides that a private entity in possession of biometric information "must develop a written policy, made available to the public, establishing a retention schedule and guidelines for

permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a) ("Section 15(a)"). BIPA also outlines that a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or information" unless it first informs that person, in writing, that such an identifier or information is being collected or stored and informs that person, in writing, of the purpose and length for which a biometric identifier or information is being used, collected, and stored 740 ILCS 14/15(b)(1). Additionally, BIPA provides that a private entity must receive a written release executed by the person who is the subject of the biometric identifier or information. 740 ILCS 14/15(b)(1)-(3) ("Section 15(b)"). Written release is defined as "informed written consent or, in the context of employment, a release executed by an employee as a condition of employment." 740 ILCS 14/10.

Plaintiff amended her state court complaint on November 27, 2019 to include Pathfinder Software, LLC, d/b/a CenterEdge Software ("Pathfinder") as a second Defendant in addition to Innovative Heights (3:20-cv-00046-MAB, Doc. 1, p. 2). In amending her complaint, Plaintiff alleged she represents two classes: one consisting of individuals whose biometric information and identifiers were collected or otherwise obtained by Innovative Heights (the "Innovative Heights class") and one consisting of individuals whose biometric information and identifiers were collected or otherwise obtained by Pathfinder (the "CenterEdge class") (3:20-cv-00046-MAB, Doc. 1-1, pp. 85,

93-94). Plaintiff alleged that Pathfinder controls and operates the system and database in which Innovative Heights' employees' fingerprints were stored and like Innovative Heights, Pathfinder never informed her of the specific purpose of and the period for which her fingerprints were being stored, collected, and/or used (*Id.* at pp. 98-99). Plaintiff alleges that both Defendants Innovative Heights and Pathfinder have violated Sections 15(a) and 15(b) of BIPA while scanning and storing her and other class members' fingerprints for timekeeping and other purposes (3:20-cv-00046-MAB, Doc. 1, p. 2).

On January 10, 2020, Pathfinder removed the case to the Southern District of Illinois pursuant to the Class Action Fairness Act ("CAFA") (*See* 3:20-cv-00046-MAB). Soon after, Pathfinder filed a motion to dismiss and then Plaintiff filed a motion to remand (Docs. 21, 27). In the Court's August 19, 2020 Order, the Court denied Pathfinder's motion to dismiss, while granting (in part) Plaintiff's motion to remand, ordering that Plaintiff's Section 15(a) BIPA claims be remanded to state court after the Court held that Plaintiff did not have Article III standing for these claims (3:20-cv-00046-MAB, Doc. 43; *See* 740 ILCS 14/15(a)).

In December 2020, Pathfinder removed Plaintiff's Section 15(a) claims once again to this Court, while Plaintiff's Section 15(b) claims continued in a separate, related case (*See* Doc. 8; *See generally* 3:20-cv-00046-MAB). Pathfinder removed Plaintiff's 15(a) claims pursuant to 28 U.S.C. § 1446(b)(3), arguing that a recent Seventh Circuit case supported removal (Doc. 8). On January 13, 2021, Plaintiff filed a motion to remand, arguing that removal of her Section 15(a) claims was improper. Pathfinder filed its response on February 16, 2021, and Plaintiff filed a reply brief on March 2, 2021 (Docs. 30, 31).

## DISCUSSION

In the December 14, 2020 notice of removal, Pathfinder contends that re-removal of Plaintiff's Section 15(a) claims is proper, as a recent Seventh Circuit case, *Fox v. Dakkota Integrated Systems, LLC,* 980 F.3d 1146 (7th Cir. 2020), constitutes "other paper" under 28 U.S.C. §1446(b)(3) because this case "resolved a legal uncertainty concerning federal jurisdiction" (Docs. 8, p. 3; 30, pp. 1-2). But, even if *Fox* is not an "order or other paper" as defined by 28 U.S.C. §1446(b)(3), Pathfinder asserts that *Fox* ultimately is an "intervening change [in the] law," which also allows for re-removal of Plaintiff's Section 15(a) claims (Doc. 30, p. 2). Plaintiff disagrees and argues in her motion to remand that *Fox* does not constitute an "order or other paper" under 28 U.S.C. §1446(b)(3), but, even if it did, *Fox* still does not support Article III standing for Plaintiff's Section 15(a) claims (Doc. 29). Additionally, Plaintiff argues she is entitled to fees for this second removal of her Section 15(a) claims, as this second removal is improper (*Id.* at pp. 7-9).

Removal to federal court under 28 U.S.C. § 1446(b)(3) is proper when the notice of removal is filed "within thirty days after receipt by defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. §1446(b)(3). It is well-settled within the Seventh Circuit, and the Southern District of Illinois (in particular), that "other paper" for purposes of 28 U.S.C. §1446 (b)(3) refers to documents generated *within* a case and not documents from other proceedings. *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533-34 (7th Cir. 2008) (holding that the language of Section 1446(b) refers to "pleadings, etc., filed in the suit sought to be removed, not in

some other suit" and noting that the phrase "amended pleading" in § 1446(b)(3) informs the Court's opinion that it is referring to pleadings filed in the suit to be removed, not some other suit). *See also Bourda v. Caliber Auto Transfer of St. Louis, Inc.,* 2009 WL 2356141, at *2 (S.D.Ill. July 31, 2009); *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1016 (S.D.Ill. 2007); *Disher v. Citigroup Global Mkts., Inc.,* 486 F.Supp.2d 790, 801 n.5 (S.D.Ill. 2007); *Potter v. Janus Inv. Fund,* 483 F.Supp.2d 692, 704 (S.D.Ill. 2007); *Dudley v. Putnam Inv. Funds,* 472 F.Supp.2d 1102-1110-11 (S.D.Ill. 2007).[1]

There are exceptions to this well-settled rule, however. In very limited circumstances, a decision by a court in an unrelated case may constitute an "order or other paper" if it involves the same defendant, similar factual situation, *and* allowed the defendant in the other case to remove the action. *Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 267-68 (5th Cir. 2001); *Doe v. American Red Cross,* 14 F.3d 196 (3d Cir. 1993); *Bourda,* 2009 WL 2356141, at *2 (recognizing these holdings). In other words, a judicial decision in a case separate from the case being removed can constitute "other paper" if the decision is "sufficiently related to a pending case [as to which removal is sought] to

---

[1] The most common way to remove a case under § 1446(b)(3) seems to be after the party receives discovery unequivocally confirming that the jurisdictional requirements are met and removal is proper. *See e.g.*, *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (establishing the bright line test that "30–day removal clock is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present" and confirming that responses to requests for admission and other discovery can be used to remove a case under § 1446(b)(3)); *Escareno v. Walmart, Inc.*, No. 19-CV-07438, 2020 WL 5365970, at *3 (N.D. Ill. Sept. 8, 2020) (plaintiff's response to defendant's request to admit, which confirmed the plaintiff's citizenship (for purposes of diversity jurisdiction) and the damages sought (in excess of $75,000) can be used to remove the case under § 1446(b)(3)). This further confirms that § 1446(b)(3) applies to documents generated within a case and that any exception to this rule should be construed narrowly.

trigger Section 1446(b) removability." *Id.* (quoting *Doe*, 14 F.3d at 202-03). Sufficiently related means that the decision "came from a court superior in the same judicial hierarchy, was directed at a particular defendant, and expressly authorized that *same* defendant to remove an action against it in another case involving similar facts and legal issues." *Id.* (emphasis added). This narrow limitation of "other paper" even applies to changes in the law pronounced by the Supreme Court and amendments to statutes governing federal subject matter jurisdiction. *Dudley v. Putnam Intern. Equity Fund*, 2010 WL 1838255, at *2 (S.D.Ill. May 5, 2010) (citing *Disher,*487 F.Supp. at 1016) (holding that a decision of the United States Supreme Court regarding the scope of preclusion of state law on a particular matter was not "other paper" permitting removal of a separate case).

Pathfinder contends that *Fox* represents an intervening change of the law that resolved a legal uncertainty concerning federal jurisdiction, and thus provides its basis for the second removal [2] under 28 U.S.C. § 1446(b)(3). In support of its position, Pathfinder points the Court to the Seventh Circuit's decision in *Amgen*, which affirmed a remand order on this same issue, but in so doing, recognized an exception carved out by the Third and Fifth circuits. Specifically, the *Amgen* Court noted that the Third and Fifth

---

[2] It is well-established that subsequent attempts to remove a case after it has been remanded is appropriate so long as there is a basis for federal subject matter jurisdiction. *Bourda*, 2009 WL 2356141, at *2 ("There is no prohibition on serial removals of a case"). As such, the Court need not address arguments by the parties related to multiple, or serial, removals of this matter. If there is an independent basis for federal subject matter jurisdiction, then removal, or multiple removals, is proper.

Circuits allowed a decision in another case to constitute an "order or other paper" if it "resolved a legal uncertainty concerning the existence of *original* jurisdiction."[3]

In *Amgen,* the Seventh Circuit referred to two cases in which a decision in a separate case constituted an "order or other paper" for purposes of 28 U.S.C. §1446(b)(3) removal: *Green v. R.J. Reynolds Tobacco Co.* and *Doe v. American Red Cross*. *Amgen*, 516 F. 3d at 534. *Green* and *Doe* are different from the present matter, however, because both of these cases are prime examples of the limited exception to the "order or other paper" rule described previously, as both *Doe* and *Green* relied on decisions in unrelated cases, but that involved *the same defendant(s)* as the case seeking removal. *See Doe*, 14 F.3d at 202-03 (holding that an order in a separate case was "sufficiently related" when the case came from a court superior in the same judicial hierarchy and was directed at the same defendant seeking removal in a separate action); *Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d at 267 (holding that a decision in an unrelated case *involving the same defendants* was an "order or other paper" providing basis for a second removal in a separate case, where the case involved a similar factual situation and legal issue).

A generous reading of *Fox* indicates that there are some factual similarities to the present case. Both the *Fox* plaintiff and the current Plaintiff were required to clock in and out of work using a timekeeping system that stored their biometric information.

---

[3] *See also Braun v. Janssen Research & Development, LLC,* No. 17-cv-00756-DRH, 2017 WL 4224034, at *6 (S.D.Ill. Sept. 22, 2017) (holding that *Amgen* allows for removal of a separate case when a "different case resolve[s] a legal uncertainty concerning the existence of original federal jurisdiction[,]" *removal is allowed on that basis*.

Additionally, both cases involve a similar legal issue, as the *Fox* plaintiff and the current Plaintiff bring Section 15(a) and (b) claims against their employer who scanned and stored their biometric information in violation of BIPA. The similarities stop there, as the *Fox* plaintiff was also a member of a union, which impacts the Article III standing analysis.[4] Additionally, the procedural posture of the current matter and *Fox* are also different, in that the *Fox* defendant appealed the district judge's remand of the Section 15(a) claims (for lack of Article III standing)[5] to the Seventh Circuit while Pathfinder seeks re-removal through §1445(b)(3).[6]

Additionally, and most importantly for purposes of removal pursuant to 28 U.S.C. §1446(b)(3), the defendants in *Fox* and the present matter are completely different entities. Dakkota Integrated Systems is an automotive supplier with several locations within the Midwest. *Fox v. Dakkota Integrated Systems., LLC,* 980 F.3d 1146, 1149 (7th Cir. 2020). Defendant Innovative Heights owns and operates a "Sky Zone" facility in Fairview Heights, Illinois, in which people can play Ultimate Dodgeball and Laser Tag, for example (3:20-cv-00046-MAB, Doc. 1-1, p. 4). Defendant Pathfinder is a company that

---

[4] While the Seventh Circuit determined that the Fox plaintiff had Article III standing of her Section 15(a) claims by pleading that the defendant violated the "full panoply of this section 15(a) duties," she also had Article III standing "under a straightforward application of *Miller*," as "union members…had standing to pursue their claims in federal court because the collection, use, and retention of biometric data are topics for collective bargaining." *Fox*, 980 F.3d at 1149, 1155-56 (quoting *Miller v. Southwest Airlines Co.,* 926 F.3d 898 (7th Cir. 2019). Topics for collective bargaining was an "independently sufficient" concrete injury to establish standing. *Id.*

[5] The Seventh Circuit found that the district judge incorrectly determined that *Bryant* fully foreclosed Article III standing for Section 15(a) claims, which the court overturned. *Fox*, 980 F.3d at 1149.

[6] The Seventh Circuit explains that an order remanding a case to state court is not normally appealable, but in cases removed pursuant to CAFA, the Seventh Circuit may accept an appeal "from an order granting or denying a motion to remand" *Fox*, 980 F.3d at 1151 (citing 28 U.S.C. §§ 1447(d); 1453(c)(1)).

controls and operates the system and database in which Defendant Innovative Heights' employees' fingerprints were stored (*Id.* at p. 94).

Defendant is correct that *Fox,* and cases throughout this Circuit, have clarified that a plaintiff has Article III standing for her Section 15(a) claims when the plaintiff alleges a defendant violates the "full panoply" of its Section 15(a) duties. *Fox*, 980 F.3d at 1149. *See also Neals v. ParTech, Inc.*, No. 19-cv-05660, 2021 WL 463100, at *5 (N.D. Ill. Feb. 9, 2021) (finding Article III standing of the plaintiff's Section 15(a) claims because the plaintiff alleged that the defendant did not make available to the public a biometric information retention schedule and *did not adhere* to that retention schedule); *Wilcosky v. Amazon.com, Inc.*, No. 19-cv-05061, 2021 WL 410705, at *6 (N.D. Ill. Feb. 5, 2021) (holding that the plaintiff properly pleaded Section 15(a) claims to confer Article III standing because the defendant continued to unlawfully retain, use, and analyze biometrics indefinitely); *Marsh v. CSL Plasma Inc.*, No. 19-cv-6700, 2020 WL 7027720, at *4 (N.D. Ill. Nov. 30, 2020) (finding Article III standing for the plaintiffs' Section 15(a) claims as the defendant lacked retention schedules and guidelines for permanently destroying the plaintiffs' biometric information); *Hazlitt v. Apple, Inc.,* 500 F. Supp.3d 738 (S.D. Ill. Nov. 12, 2020) (holding the plaintiff has Article III standing over the Section 15(a) claims because she properly pleaded that the defendant did not create or follow a written retention and destruction policy).[7] But here, the Court need not address the merits of whether Plaintiff pleaded her

---

[7] While these cases explicitly find Section 15(a) Article III standing, the Court's previous remand order in the related case (3:20-cv-00046) did not entirely foreclose Section 15(a) Article III standing. In *Fox*, the Seventh Circuit held that the district court incorrectly interpreted Bryant to entirely foreclose Section 15(a) Article III standing in BIPA cases. Here, the Court previously determined that Section 15(a) Article III

Section 15(a) claims with enough specificity, as defined by the aforementioned cases, to confer Article III standing, as it is clear that *Fox* is not an "order or other paper" under 28 U.S.C. §1446(b)(3) for purposes of re-removal. While both the present case and *Fox* are BIPA cases, the connection stops there, and *Fox* cannot be used by Defendant Pathfinder for re-removal as *Fox* did not "expressly authorize[] that *same* defendant to remove an action against it in another case involving similar facts and legal issues." *Bourda*, 2009 2356141, at *2 (citing *Doe*, 14 F.3d at 202-03).

In *Hunter v. Automated Health Systems, Inc.*, No. 20-C-3134, 2020 WL 4812712 (N.D.Ill. Aug. 17, 2020), the Northern District of Illinois confronted a similar question to the one at issue here. Specifically, the *Hunter* defendant attempted re-removal of a BIPA case after the Seventh Circuit issued its decision in *Bryant v. Compass Group USA, Inc*, which held that the *Bryant* plaintiff's Section 15(b) claims had Article III standing for federal jurisdiction. The court in *Hunter*, however, held that *Bryant* did not constitute an "order or other paper" for purposes of 28 U.S.C. §1446(b)(3) removal, as *Bryant* did not involve the same defendant as *Hunter*. In doing so, the court highlighted that "[t]o allow a filing in another suit to restart the 30-day time limit would have [the] effect of belatedness by allowing removal years after the suit had been proceeding in a state court,

---

standing was possible, when a plaintiff pleaded the claims appropriately to confer Article III standing. *See* 3:20-cv-00046, Doc. 43, pp. 12-17. "In *Bryant*, the Seventh Circuit…determined plaintiff lacked Article III standing for her Section 15(a) claims…[i]t appears, though, that the Seventh Circuit left the door open for potential Section 15(a) Article III standing if the plaintiff advances a particularized harm under 15(a)." (3:20-cv-00046, Doc. 43, p. 12).

because of the filing of another suit in another court" *Hunter*, 2020 WL 4812712, at *1 (citing *Amgen*, 516 F.3d at 533-34).

For these reasons, Plaintiff's motion will be granted, as Defendant Pathfinder did not properly remove Plaintiff's Section 15(a) claims and, therefore, this Court does not have jurisdiction over these claims.

As a final matter, Plaintiff requests fees in her motion to remand, which Defendant opposes. Plaintiff argues that Pathfinder lacks an "objectively reasonable basis" for removing this case, once again, to federal court; therefore, the Court should exercise discretion and award fees pursuant to 28 U.S.C. §1447(c) (Doc. 29, p. 7) While the Court recognizes that there are defects in Pathfinder's notice of removal and this second removal has delayed the proceedings, the Court is persuaded by the reasoning in *Hunter* that due to the novelty of the issue, and the developing BIPA case law, the Court declines to award fees or costs to Plaintiff for Defendant Pathfinder's second removal. *Hunter,* 2020 WL 4812712, at *1. *See also Amgen, Inc.,* 516 F.3d 530 (affirming the district court's remand order, but reversing the district court's award of sanctions, imposing attorney's fees and costs and noting the "paucity of appellate authority" interpreting § 1446(b)(3), which thus provided the removing party a "reasonable basis" for removal).

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to remand is granted (Doc. 29). Plaintiff's request for fees is denied. The Court once again **REMANDS** Plaintiff's Section 15(a) BIPA claims as they pertain to Defendants Pathfinder and Innovative Heights to the Twentieth Judicial Circuit, St. Clair County, Illinois.

IT IS SO ORDERED.

DATED:   June 28, 2021

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge
